No. 921

CONSOLIDATED MFG. CO. v. HINES PATTERN & MFG. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6621. Decided June 21, 1926

Judges Roberts and Farr, 7th Dist., sitting.

1255. WARRANTY—Giving of opinions and suggestions by manufacturer of a certain machine to purchaser in a letter does not constitute an implied warranty especially when purchaser might take such machine on trial.

BY THE COURT.

The action in the Cuyahoga Common Pleas

was instituted by the Hines Pattern & Manufacturing Co. against the Consolidated Iron-Steel Manufacturing Co. to recover an amount claimed to be due for furnishing a moulding machine, core boxes, etc., for the use of the Consolidated Co. At the close of the evidence, the court directed a verdict for the Hines Co.

Error was prosecuted and it was claimed by the plaintiff-in-error that a letter written by J. F. Hines in which the means by which the moulding machine was operated was set forth, contained an implied warranty under 8395 GC. that the machine, patterns, etc. furnished according to said letter would be fit for the purpose for which they were intended.

Plaintiff-in-error was engaged in manufacturing door knobs and claimed that the machine in question did not produce the results as mentioned by Hines in his letter by use of a method outlined therein. The Court of Appeals held:

1. That part of 8395 GC. which it is urged applies to this case reads:—"When the buyer, expressly or by implication makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment - - - there is an implied warranty that the goods shall be reasonably fit for such purpose."

2. The letter written on behalf of the Hines Pattern Co., itself discloses that it was advisory in character; that there were no definite representations made by it that it could and would produce the precise thing desired.

3. The plan for increased production was formulated by Hines for the use of the Consolidated Co. only after consideration of the matter; and the letter further suggests that the plaintiff in error take a machine and give it a trial.

4. The letter is inconsistent with the theory of implied warranty, because it embodies mere suggestions and opinions, and implied warranties do not thus arise.

Judgment therefore affirmed.

Attorneys—Baker, Hostetler & Sidlo for Conosolidated Co.; Wm. H. Chapman for Hines Co.; all of Cleveland.